UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAURA J.T.,

                              Plaintiff,

-against-                                                5:25-CV-45 (LEK/PJE)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff Laura J.T.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3) seeking review of a decision by the Commissioner of the Social Security

Administration ("Commissioner") denying her application for Supplemental Security Income

("SSI") for lack of a disability. Dkt. No. 1 ("Complaint").

On July 15, 2025, Plaintiff moved to vacate the Commissioner's judgement regarding her

disability status. Dkt. No. 11 ("Motion"). On July 28, 2025, the Commissioner filed a motion in

response, Dkt. No. 12 ("Cross Motion"), and Plaintiff replied on August 11, 2025. Dkt. No. 13

("Reply").

On February 24, 2026, the Honorable Judge Paul J. Evangelista issued a Report-

Recommendation and Order recommending that the Court dismiss Plaintiff's Motion, grant the

---

[1] In accordance with guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Northern
District of New York in 2018 to better protect personal and medical information of non-
governmental parties, this Order will identify Plaintiff's last name by initial only.

Commissioner's Cross-Motion, and affirm the Social Security Administrations' decision. *See*

Dkt. No. 14 ("Report and Recommendation").

Plaintiff filed objections, Dkt. No. 15, and amended objections, Dkt. No. 17 ("Amended

Objections"). For the purposes of this Order, the Court will treat the Amended Objections as the

operative document.

For the reasons that follow, the Court adopts the Report and Recommendation in its

entirety.

## II.    BACKGROUND

The Court assumes familiarity with Judge Evangelista's Report and Recommendations,

as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–8.

## III.    LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section

636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v.*

*Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the

Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

2

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace Inc.*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *New York City Dist. Of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

As Plaintiff has filed specific objections, the Court will review the issues identified by Plaintiff in the Report and Recommendation, *de novo*. *See A.V. by Versace Inc.*, 191 F. Supp. 2d at 406.

Plaintiff's objection is that Judge Evangelista erred when he found that the Administrative Law Judge ("ALJ") had not committed error in crafting a "light level RFC." Am. Obj. at 3. Her argument supporting the objection is that she met her burden in "demonstrat[ing] evidence which shows greater restrictions and limitations related to a unique severe impairment of POTS syndrome." *Id.* The Court disagrees with Plaintiff for the reasons stated below.

"In reviewing a final decision of the Commissioner, a district Court may not determine *de novo* whether an individual is disabled." *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652

(BKS/CFH), 2024 WL 4217371, at *1 (N.D.N.Y. Aug. 29, 2024) (italics added), *report and recommendation adopted*, No. 1:23-CV-652 (BKS/CFH), 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024). "Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence." *Id.* (citing *Johnson v. Bowen*, 817 F.2d 983, 985–86 (2d Cir. 1987)). The substantial evidence standard is not demanding, it can be met with "more than a mere scintilla" of evidence, where such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" exists. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curium) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, (1971)). "[I]f the correct legal standards were applied and the ALJs finding is supported by substantial evidence, such finding must be sustained 'even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Joseph J. B.*, 2024 WL 4217371, at *1 (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

Here, as Judge Evangelista recognized in his thoughtful and well-reasoned Report and Recommendation, the ALJ's determination that Plaintiff had a light RFC was supported by substantial evidence. *See* R. & R. at 11–16. In making the RFC determination, the ALJ relied on: prior administrative medical findings, which included testimony from multiple physicians, the results of multiple medical tests involving the severity of her condition, as well as Plaintiff's subjective symptoms. *See* R. & R. at 14–15.

Upon reviewing the Report and Recommendation, and the parties' Motions the Court finds that the ALJs RFC findings meets the deferential substantial evidence standard.

As, "[i]t is not the Courts function to reweigh, the evidence on appeal, only to 'decide whether substantial evidence supports the ALJ's decision'", the Court dismisses the objections

4

and adopts the Report and Recommendation in its entirety. *See Tina W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-15 (MAD), 2023 WL 157952, at *7 (N.D.N.Y. Jan 10, 2023) (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order)).

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 13, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED,** that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 31, 2026
           Albany, New York

LAWRENCE E. KAHN
United States District Judge